# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> OWEN GARTH HINKSON, <br><br> Defendant. | 1:17-cr-72-WSD-AJB |

## OPINION AND ORDER

This matter is before the Court on the parties' sentencing memoranda [26], [27] on whether the maximum authorized punishment in this case is 20 years imprisonment under 8 U.S.C. § 1326(b)(2).

## I. BACKGROUND

Defendant Owen Garth Hinkson ("Defendant") is a Jamaican citizen. (Presentence Investigation Report (Aug. 29, 2017) ("PSR") ¶¶ 7, 9). On November 16, 1987, he pleaded guilty in Boston Massachusetts Municipal Court to assault and battery of a police officer (the "1987 Assault and Battery Conviction"). (PSR ¶ 45). On June 19, 1989, after serving a one-year prison sentence, he was deported to Jamaica. (PSR ¶¶ 7, 45); United States v. Hinkson, 556 F. App'x 837, 838 n.1 (11th Cir. 2014). On September 20, 1990, Defendant was convicted in the

United States District Court for the District of Massachusetts of illegal reentry by a previously deported alien. (PSR ¶ 35). On June 18, 1991, he was again deported to Jamaica. (PSR ¶¶ 7, 35). On February 27, 1995, after entering the United States illegally, he was deported a further time for violating the conditions of his supervised release. (PSR ¶ 35).

On July 24, 1995, Defendant was convicted in the United States District Court for the Northern District of Georgia of illegal reentry by a previously deported alien. (PSR ¶ 36). On October 31, 1996, after serving a sentence of imprisonment, he was deported to Jamaica. (PSR ¶ 36). On June 14, 1999, Defendant pleaded guilty in the United States District Court for the Eastern District of Texas to illegal reentry by a previously deported alien, in violation of 8 U.S.C. §§ 1326(a) and (b)(2) (the "1999 Texas Illegal Reentry Conviction"). (PSR ¶ 37; [26] at 4). The Texas court "sentenced [Defendant] as an aggravated felon under 8 U.S.C. § 1326(b)(2) because he had reentered the United States after having been convicted of a crime of violence (his 1988 [sic] assault and battery offense) and deported." Hinkson, 556 F. App'x at 838 n.1. Defendant received a prison sentence of 110 months and, on December 21, 2006, he was again deported to Jamaica. (PSR ¶ 37).

On February 1, 2005, Defendant's 1987 Assault and Battery Conviction was vacated by docket entry. (PSR ¶ 45; [26] at 4; [27] at 3). The docket entry does not explain why the conviction was vacated. (PSR ¶ 45; [26] at 4; [27] at 3).

On August 10, 2012, Defendant was convicted in the United States District Court for the Northern District of Georgia of illegal reentry by a previously deported alien, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). (PSR ¶ 38). The district court found, and the parties agreed, that Defendant's 1999 Texas Illegal Reentry Conviction constituted an aggravated felony "due to the 1987 assault and battery conviction." See Hinkson, 556 F. App'x at 838 & n.1; ([26] at 8-9; [27] at 6). On September 24, 2015, after serving a prison sentence, Defendant again was deported to Jamaica. (PSR ¶¶ 7, 38).

On February 21, 2017, after again reentering the United States, a grand jury in the Northern District of Georgia returned an Indictment [1] charging Defendant with one count of illegal reentry of a previously deported alien, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). On June 22, 2017, Defendant pleaded guilty to the charge alleged in the Indictment. ([22]). On August 29, 2017, the Government filed its Sentencing Memorandum [26], arguing that the Court is authorized, under 8 U.S.C. § 1326(b)(2), to sentence Defendant to a maximum of 20 years in prison because he is an alien "whose removal was subsequent to a conviction for

commission of an aggravated felony." 8 U.S.C. § 1326(b)(2). On September 1, 2017, Defendant filed his Response to the Government's Sentencing Memorandum [27]. Defendant argues that his prior removals were not subsequent to an "aggravated felony conviction," under Section 1326(b)(2), because his 1987 Assault and Battery Conviction was vacated on February 1, 2005.

**II.  DISCUSSION**

Under Section 1326(a), the maximum sentence for illegal reentry of a previously deported alien is two years imprisonment. 8 U.S.C. § 1326(a). Subsection (b)(2) authorizes a maximum sentence of 20 years, however, for aliens "whose removal was subsequent to a conviction for commission of an aggravated felony." 8 U.S.C. § 1326(b)(2).[1] The term "aggravated felony" includes, among other offenses, (1) "a crime of violence" and (2) illegal reentry "by an alien who was previously deported on the basis of a conviction for [another aggravated felony, such as a crime of violence]." 8 U.S.C. §§ 1101(a)(43)(F), (O). A "crime of violence" is (1) "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or (2) "any other offense that is a felony and that, by its nature, involves a

---

[1]  Section 1326(b)(1) also provides for a 10-year maximum period of incarceration for aliens removed subsequent to felony convictions other than aggregated felonies. 8 U.S.C. § 1326(b)(1).

substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16.

A. <u>Whether Defendant Committed an Aggravated Felony</u>

In 1987, Defendant was convicted, in Massachusetts state court, of assaulting and battering a police officer. This offense "requires proof of either the intentional and unjustified use of force or the intentional commission of a wanton or reckless act causing physical or bodily injury to another." Com. v. Gordon, 974 N.E.2d 645, 652-53 (Mass. App. Ct. 2012).[2] The Court finds, and Defendant does not meaningfully dispute, that this constitutes a "crime of violence" under 18 U.S.C. § 16 and that it thus qualifies as an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F). See, e.g., Blake v. Gonzales, 481 F.3d 152, 163 (2d Cir. 2007) (finding that the Massachusetts offense of assault and battery of a police officer is a "crime of violence" under 18 U.S.C. § 16); cf. United States v. Santos, 363 F.3d

---

[2] Under Massachusetts law, "[t]he standard statutory charging language for [assault and battery of a police officer] is: That A.B. did assault and beat C.D., who was a police officer of the (city of Boston) (or whatever the fact may be), and who was also in the lawful discharge of his duties as such officer, as said (defendant) well knew." United States v. Dancy, 640 F.3d 455, 468 (1st Cir. 2011).

5

19, 23 (1st Cir. 2004) ("[V]iolence, the use of force, and a serious risk of physical harm are all likely to accompany an assault and battery upon a police officer.").[3]

Defendant's 1999 Texas Illegal Reentry Conviction also constitutes an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(O). The Texas court "sentenced [Defendant] as an aggravated felon under 8 U.S.C. § 1326(b)(2) because he had reentered the United States after having been convicted of a crime of violence (his 198[7] assault and battery offense) and deported." Hinkson, 556 F. App'x at 838 n.1. Defendant thus was convicted of illegal reentry after "previously [being] deported on the basis of a conviction" of a crime of violence. 8 U.S.C. § 1101(a)(43)(O). Defendant's 1999 Texas Illegal Reentry Conviction constitutes an aggravated felony under the plain language of Section 1101(a)(43)(O). See United States v. Zamora, 519 F. App'x 251, 252 (5th Cir. 2013) ("[A] conviction for

---

[3] The parties' memoranda focus on the effect of Defendant's vacated conviction, largely assuming that the conviction was for a crime of violence. Although Defendant states, in a footnote, that he "does not concede that [his assault and battery] conviction is a crime of violence," he fails to present supporting arguments. ([27] at 6 n.1). He simply points out that the constitutionality of 18 U.S.C. § 16 is currently pending before the United States Supreme Court, and that other cases finding that assault and battery is a crime of violence "likely" require reevaluation in light of Johnson v. United States, 135 S. Ct. 2551 (2015). ([27] at 6 n.1). The Eleventh Circuit has held, however, that "Johnson does not apply to or invalidate § 924(c)(3)(B)," which defines "crimes of violence" in "materially identical terms" to 18 U.S.C. § 16(b). United States v. Sneed, ___ Fed. App'x ___, 2017 WL 3263502, at *1 n.1, 3 (11th Cir. Aug. 1, 2017).

illegal reentry under § 1326(b)(2) is an aggravated felony within the meaning of § 1101(a)(43)(O).").

Defendant appears to argue that his 1999 Texas Illegal Reentry Conviction is not an aggravated felony, under Section 1101(a)(43)(O), because his 1987 Assault and Battery Conviction was vacated in 2005. The Eleventh Circuit considered a similar argument in <u>United States v. Orduno-Mireles</u>, 405 F.3d 960 (11th Cir. 2005). In <u>Orduno-Mireles</u>, the defendant's sentence was enhanced because the defendant reentered the United States having been previously . . . deported . . . after . . . a conviction for a felony that is . . . a crime of violence." <u>Id.</u> at 962 n.1. The district court applied the sentencing enhancement because the defendant had a felony conviction when he was previously deported, even though the conviction was vacated before sentencing. The Eleventh Circuit affirmed the district court's application of the sentencing enhancement, and rejected defendant's "novel argument that since he successfully got []his conviction vacated *after* illegally returning to the United States, the offense should not count for the purposes of the [sentencing enhancement provision]." <u>Id.</u> The court held that, "[b]y its plain language, the [provision's] relevant time period is the time of deportation, not the time of sentencing for an illegal reentry conviction." <u>Id.</u> The court found that the sentencing enhancement applied because defendant "previously was deported after

7

a conviction for a felony that is a crime of violence, regardless of what happened after his deportation." Id.; see United States v. Santos, 519 F. App'x 581, 581 (11th Cir. 2013) ("The plain language of [the sentencing] enhancement requires the court to consider whether the defendant had a prior conviction for a crime of violence at the time of his earlier deportation, regardless of what happened after that deportation.").

Section 1101(a)(43)(O) is similar to the sentencing provision at issue in Orduno-Mireles. Both apply to an alien who was "previously deported" after a "conviction." As the Eleventh Circuit explained in Orduno-Mireles, the plain meaning of this language identifies "the time of deportation, not the time of sentencing," as "the relevant time period" for determining whether defendant had the "conviction" required to trigger the sentencing enhancement. Orduno-Mireles, 405 F.3d at 962 n.1. If the conviction was valid when defendant was deported, the sentencing enhancement applies, "regardless of what happened after [the] deportation." Id. Here, Defendant's 1987 Assault and Battery Conviction was valid when he was deported in 1989, 1991, 1995, and 1996. It was still valid when the Texas district court convicted Defendant of illegal reentry. Defendant's 1999 Texas Illegal Reentry Conviction constitutes an aggravated felony under Section 1101(a)(43)(O) because, prior to the illegal reentry for which he was

convicted in Texas, Defendant had been deported for his 1987 Assault and Battery Conviction, a crime of violence.

    B.    <u>Whether Defendant was Removed Subsequent to an Aggravated Felony Conviction</u>

Having determined that Defendant's 1987 Assault and Battery Conviction and 1999 Texas Illegal Reentry Conviction constitute "aggravated felonies," the Court next considers whether Defendant was removed subsequent to a conviction for these felonies. Defendant was deported in 1989, 1991, 1995, and 1996. Each of these deportations occurred "subsequent to"—that is, after—Defendant's 1987 Assault and Battery Conviction, an aggravated felony. Defendant also was deported in 2006 and 2015, after his 1999 Texas Illegal Reentry Conviction, which also is an aggravated felony. Defendant falls squarely within Section 1326(b)(2) because his prior removals were "subsequent to a conviction for commission of an aggravated felony." 8 U.S.C. § 1326(b)(2).

To the extent Defendant argues that his 1987 Assault and Battery Conviction does not constitute a "conviction," under Section 1326(b)(2), because it was vacated in 2005, the Court rejects this argument for the reasons explained earlier in this Order. "[T]he relevant time under the statute is the moment of removal, not of sentencing." <u>United States v. Luna-Diaz</u>, 222 F.3d 1, 4 (1st Cir. 2000); <u>see</u> <u>United States v. Cisneros-Cabrera</u>, 110 F.3d 746, 748 (10th Cir. 1997) ("[W]hile true most

other sentence enhancement provisions consider only those convictions valid at the time of sentencing, in this case, the relevant time frame for determining whether the sentence enhancement should apply is specifically provided by statute."). Defendant's 1987 Assault and Battery Conviction, an aggravated felony, was valid when he was removed from the United States in 1989, 1991, 1995, and 1996. This is sufficient to trigger the sentencing enhancement under Section 1326(b)(2). The Court is authorized, under Section 1326(b)(2), to sentence Defendant to a maximum term of 20 years in prison.[4]

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that, under 8 U.S.C. § 1326(b)(2), the maximum authorized period of confinement that Defendant may be ordered to serve is 20 years.

---

[4] Even if Defendant's 1987 Assault and Battery Conviction did not count as a "conviction" under Section 1326(b)(2), Defendant still falls within the sentencing enhancement provision because his 1999 Texas Illegal Reentry Conviction, an aggravated felony, has not been vacated and was entered before Defendant's removals in 2006 and 2015. See United States v. Hinkson, No. 1:12-CR-106-JEC-AJB, 2012 WL 12865018, at *4 (N.D. Ga. June 18, 2012) ("The fact that the conviction that led to [Defendant] being treated as an aggravated felon in the Eastern District of Texas case (the Massachusetts assault and battery) was vacated in 2005 after his [1999 Texas] federal conviction does not invalidate the prior illegal reentry as an aggravated-felon judgment.").

**SO ORDERED** this 8th day of September, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE