IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| OWEN GARTH HINKSON, | : | MOTION TO VACATE |
| BOP # 17785-038, | : | 28 U.S.C. § 2255 |
| Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:17-CR-72-JPB-JEM-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:21-CV-4518-JPB-JEM |

### ORDER AND FINAL REPORT AND RECOMMENDATION

Movant, Owen Garth Hinkson, submitted a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. (Doc. 52.) The Government filed a response in opposition. (Doc. 55.) Movant submitted two construed motions for leave to file replies (Docs. 62, 65). For good cause shown, Movant's construed motions for leave to file replies (Docs. 62, 65) are **GRANTED**, and Movant's replies (Docs. 63, 66) are accepted as timely filed.

Movant also submitted a motion to dismiss indictments (Doc. 53) and three construed motions for leave to file supplemental memoranda of law (Docs. 60, 64, 67). For good cause shown, Movant's construed motions for leave to file supplemental memoranda of law (Docs. 60, 64, 67) are **GRANTED**, and Movant's supplemental memoranda of law are accepted as timely filed.

For the reasons stated below, the undersigned **RECOMMENDS** that the § 2255 motion (Doc. 52) be **DISMISSED** as untimely and the motion to dismiss indictments (Doc. 53) be **DENIED**.

I. **PROCEDURAL HISTORY**

On June 22, 2017, Movant pleaded guilty to illegally reentering the United States, in violation of 18 U.S.C. § 1326(a) and (b)(2). (Docs. 1, 22.) On September 8, 2017, the District Court, *Duffey, J.*, concluded that Movant was subject to a 20-year maximum sentence under § 1326(b)(2), rather than a 10-year maximum sentence under § 1326(b)(1), because he had committed at least one aggravated felony. (Doc. 29.) The Court determined that Movant had committed the following two aggravated felonies: (1) a 1987 Massachusetts state conviction for assault and battery on a police officer; and (2) a 1999 federal conviction for illegal reentry. (*Id.* at 5-10.) On September 13, 2017, the Court filed the judgment and commitment, sentencing Movant to 72 months of imprisonment, followed by three years of supervised release. (Doc. 33.) The Court stated that it "would have imposed the same sentence even if the maximum authorized period of incarceration was ten rather than twenty years." (Doc. 32 at 2.)

On August 7, 2018, the United States Court of Appeals for the Eleventh Circuit affirmed. *See United States v. Hinkson*, 744 F. App'x 656 (11th Cir. 2018) (per curiam). (Doc. 45.) The Eleventh Circuit determined that (1) Movant's sentence was substantively reasonable, and (2) "any error as to the applicable statutory maximum did not affect [Movant's] sentence." *Id.* at 661-63.

In his § 2255 motion, filed on October 26, 2021, Movant claims that he is entitled to resentencing because his 1989 Massachusetts state conviction for possession of a firearm and unlawful possession of ammunition was vacated on November 2, 2020. (Doc. 52-2 at 3-6.) Movant submitted the same § 2255 motion and related filings to challenge the revocation of his supervised release in an earlier case. *See Hinkson v. United States*, Nos. 1:12-CR-106-MHC-JEM & 1:21-CV-4519-MHC-JEM (N.D. Ga. filed Oct. 26, 2021). However, the § 2255 motion and related filings primarily concern Movant's present conviction for illegal reentry, rather than the revocation of his supervised release. The undersigned is simultaneously filing a separate Order and Final Report and Recommendation in the cases before the District Court, *Cohen, J.*[1]

## II.   DISCUSSION

A § 2255 motion is subject to the one-year statute of limitations provided by 28 U.S.C. § 2255(f). The one-year period runs from the latest of the dates on which (1) Movant's conviction became final; (2) a Government impediment to making the § 2255 motion was removed; (3) a right that Movant asserts was initially recognized by the United States Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or (4) Movant, with due diligence, could have discovered the facts supporting his claims. *See* 28 U.S.C. § 2255(f)(1)-(4).

---

[1] It is unclear why the Clerk assigned Movant's related cases to a different District Judge.

Under § 2255(f)(1), Movant had 90 days in which to seek certiorari in the Supreme Court after the Eleventh Circuit affirmed on August 7, 2018. *See* Sup. Ct. R. 13.1. Because Movant did not seek certiorari, his conviction became final on November 5, 2018. *See Clay v. United States*, 537 U.S. 522, 525 (2003). The one-year statute of limitations expired on November 5, 2019.[2] Movant filed his § 2255 motion nearly two years late, on October 26, 2021. He fails to show that the circumstances set forth in § 2255(f)(2)-(3) apply.

Movant argues that § 2255(f)(4) applies because his 1989 Massachusetts state conviction for possession of a firearm and unlawful possession of ammunition was vacated on November 2, 2020. "[T]he state court vacatur of a predicate conviction is a new 'fact' that triggers a fresh one-year statute of limitations under § 2255(f)(4), so long as the [movant] exercised due diligence in seeking that order." *Stewart v. United States*, 646 F.3d 856, 858 (11th Cir. 2011) (citing *Johnson v. United States*, 544 U.S. 295, 302 (2005)) (footnote omitted). "Diligence is shown by the [movant's] prompt filing of a state habeas petition, as measured from the date that judgment was entered on the enhanced federal sentence." *Rivers v. United States*, 416 F.3d 1319, 1322 (11th Cir. 2005) (per curiam).

---

[2] The one-year period is calculated using the "anniversary method, under which the limitations period expires on the anniversary of the date it began to run." *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (internal quotation marks omitted).

In the present case, the undersigned concludes that § 2255(f)(4) does not apply because Movant's illegal reentry conviction was not predicated on or enhanced by his 1989 Massachusetts conviction. The District Court, *Duffey, J.*, relied on Movant's 1987 Massachusetts conviction and 1999 federal conviction as aggravated felonies. The Court (1) needed only one aggravated felony to conclude that Movant was subject to a 20-year maximum sentence under § 1326(b)(2), and (2) stated that the statutory maximum did not affect Movant's 72-month sentence, which the Eleventh Circuit later affirmed. Therefore, the vacatur of Movant's 1989 Massachusetts conviction does not trigger § 2255(f)(4).[3]

---

[3] Movant points out that the probation officer noted the 1989 Massachusetts conviction as an aggravated felony in the presentence investigation report. (Doc. 52-2 at 2-3.) As the Government correctly responds, nothing in the record shows that the District Court relied on that conviction in sentencing Movant. (Doc. 55 at 13.)

However, the § 2255 motion should be denied on the merits even if (1) § 2255(f)(4) was triggered, and (2) Movant exercised due diligence by filing a counseled motion to vacate his 1989 Massachusetts conviction on July 2, 2019, which was less than one year after the Eleventh Circuit affirmed in the present case on August 7, 2018. (Doc. 52-2 at 14.) Movant is not entitled to relief because (1) the vacatur of his 1989 Massachusetts conviction does not affect his other aggravated felonies, and (2) the Eleventh Circuit affirmed his sentence. "[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) (quoting *United States v. Natelli*, 553 F.2d 5, 7 (2d Cir. 1977)).

"Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam). In the present case, Movant does not establish that (1) extraordinary circumstances caused the untimely filing of his § 2255 motion, and (2) he acted diligently.

"Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by [a movant's] failure timely to file [a] § 2255 motion." *United States v. Montano*, 398 F.3d 1276, 1284 (11th Cir. 2005) (per curiam). To demonstrate actual innocence, a movant must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A movant "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327. In the present case, Movant fails to present new reliable evidence demonstrating actual innocence.

Accordingly, the undersigned **RECOMMENDS** that the § 2255 motion (Doc. 52) be **DISMISSED** as untimely and the motion to dismiss indictments (Doc. 53) be **DENIED**.

### III.  CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28

U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [§ 2255 motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [§ 2255 motion] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

The undersigned **RECOMMENDS** that a certificate of appealability be **DENIED** because the resolution of the issues presented is not debatable. If the District Court adopts this recommendation and denies a certificate of appealability, Movant "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

## IV.   CONCLUSION

For the reasons stated above, the undersigned **ORDERS** that Movant's construed motions for leave to file replies and supplemental memoranda of law (Docs. 60, 62, 64, 65, 67) are **GRANTED**, and Movant's filings are accepted as timely. The undersigned **RECOMMENDS** that (1) the § 2255 motion (Doc. 52) be **DISMISSED** as untimely, (2) the motion to dismiss indictments (Doc. 53) be **DENIED**, (3) a certificate of appealability be **DENIED**, and (4) civil action number 1:21-CV-4518-JPB-JEM be **CLOSED**.

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**SO ORDERED AND RECOMMENDED**, this 12th day of January, 2023.

_____
J. ELIZABETH McBATH
UNITED STATES MAGISTRATE JUDGE