UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| OWEN GARTH HINKSON,<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CIVIL ACTION NO.<br>1:21-CV-04518-JPB<br><br>CRIMINAL ACTION NO.<br>1:17-CR-72 |

## ORDER

This matter is before the Court on Owen Garth Hinkson's ("Movant") Motions for Extension of Time [Doc. 72] [Doc. 81], Objections to the Magistrate Judge's Report and Recommendation [Doc. 78] [Doc. 79] and Motion for Permission to Appeal In Forma Pauperis [Doc. 80]. This Court finds as follows:

### BACKGROUND

On June 22, 2017, Movant entered a plea of guilty to illegally reentering the United States in violation of 8 U.S.C. § 1326(a). [Doc. 22]. On September 13, 2017, the Court sentenced Movant to seventy-two months of imprisonment to be followed by three years of supervised release. [Doc. 33]. The seventy-two-month sentence was the result of a fifty-one-month upward variance. After Movant

appealed, the Eleventh Circuit Court of Appeals affirmed Movant's sentence on August 7, 2018. [Doc. 45]. Movant did not seek a writ of certiorari with the Supreme Court of the United States.

At issue here are two post-conviction motions filed by Movant: a 28 U.S.C. § 2255 motion to vacate his conviction and sentence, [Doc. 52], and an 18 U.S.C. § 1326(d) motion to dismiss the indictment, [Doc. 53]. In the § 2255 motion, Movant claimed that he is entitled to resentencing because his 1989 conviction for possession of a firearm and unlawful possession of ammunition was vacated on November 2, 2020. In the § 1326(d) motion, Movant claimed that this indictment should be dismissed because his due process rights were violated in connection with his original 1989 deportation.

On January 12, 2023, United States Magistrate Judge J. Elizabeth McBath issued a Report and Recommendation in which she recommended dismissing the § 2255 motion as untimely and denying the § 1326(d)(3) motion. [Doc. 68]. On February 3, 2023, this Court adopted the recommendation as the order of the Court after it appeared that Movant failed to file any objections. Accordingly, Movant's § 2255 motion was dismissed as untimely, and the §1326(d) motion was denied. [Doc. 70].

Unbeknownst to the Court and before the Court adopted the Report and Recommendation, Movant filed a Motion for Extension of Time to file his objections.[1]  [Doc. 80].  Movant filed a second motion seeking an extension on February 17, 2023.  [Doc. 72].  For good cause shown, Movant's Motions for Extension of Time, [Doc. 72] [Doc. 91], are **GRANTED** *nunc pro tunc*, and Movant's objections, [Doc. 78] [Doc. 79], are deemed timely filed.  Because Movant has now filed objections, the Court will reevaluate the Report and Recommendation in light of the objections to determine whether the Court's February 3, 2023 order should be vacated.

## LEGAL STANDARD

A district judge has broad discretion to accept, reject or modify a magistrate judge's proposed findings and recommendations.  United States v. Raddatz, 447 U.S. 667, 680 (1980).  Pursuant to 28 U.S.C. § 636(b)(1), a court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis, and it reviews any non-objected-to portion under a "clearly erroneous" standard.  Notably, a party objecting to a recommendation "must

---

[1] The docket reflects that Movant's Motion for Extension of Time was dated January 24, 2023, and that the Clerk received the motion on January 30, 2023.  However, the motion was not placed on the docket until March 9, 2023.  This indicates that the Clerk's Office may have mislaid or misfiled the motion.

specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988). It is reasonable to place this burden on the objecting party because "[t]his rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009).

## DISCUSSION

In his objections, Movant argues that the Magistrate Judge erroneously recommended dismissing his § 2255 motion as untimely and improperly recommended denying his § 1326(d) motion. The Court disagrees.

1. **Section 2255 Motion**

In this case, Defendant asserts that he should be resentenced because a 1989 felony conviction has been vacated. At the sentencing hearing in this action, United States District Judge William S. Duffey, Jr., who previously presided over this action, determined that Movant was subject to a twenty-year maximum sentence under 18 U.S.C. § 1326(b)(2) because Movant had committed at least one aggravated felony. United States v. Hinkson, 744 F. App'x 656, 660 (11th Cir. 2018). Specifically, Judge Duffey determined that Movant had two aggravated

felonies—a 1987 conviction for assault and battery and a 1999 federal conviction for illegal reentry.  Id.  Judge Duffey found that the resulting guideline range was fifteen to twenty-one months.  Id. at 659.

Ultimately, Judge Duffey varied upward and imposed a seventy-two-month sentence because of Movant's "undeniable pattern and history of reentering the United States illegally."  Id. at 661.  Significantly, Judge Duffy noted that although he had ruled that the statutory maximum sentence was twenty years, he "would have imposed the same sentence even if the maximum authorized period of incarceration was ten rather than twenty years."  Id.

As indicated previously, Movant claims in his § 2255 motion that he should be resentenced because his 1989 state court aggravated felony conviction has now been vacated.  Essentially, Movant asserts that because the conviction was vacated, he is no longer subject to a twenty-year maximum sentence.  In his objections, he reasserts that his § 2255 motion is timely because his conviction was overturned less than a year before he filed the motion.

Movant has not shown that the Magistrate Judge erred.  In this case, Judge Duffey determined that Movant was subject to a twenty-year maximum sentence based on (1) a 1987 state conviction for assault and battery on a police officer and (2) a 1999 federal conviction for illegal reentry.  Importantly, the 1989 conviction

5

played no part in Judge Duffey's determination that Movant was subject to a twenty-year maximum sentence. Because the 1989 conviction was not used as a basis for Judge Duffey's finding that Movant was subject to a twenty-year maximum sentence, the fact that the conviction was subsequently vacated is immaterial and irrelevant. Further, as the Eleventh Circuit has already recognized, even if Judge Duffey erred in determining Movant's maximum sentence, Movant is not entitled to resentencing because Judge Duffey explicitly stated that he would have imposed the same sentence under a ten-year maximum. See United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000) ("[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." (alteration in original) (quoting United States v. Natelli, 553 F.2d 5, 7 (2d Cir. 1977))). To the extent that Movant's objections pertain to the Magistrate Judge's recommendation to dismiss as untimely the § 2255 motion, the objections are **OVERRULED**.

   2. **Section 1326(d) Motion**

In his § 1326(d) motion, Movant argues at length that his original order of removal from the United States in 1985 was improper because it relied on a conviction in Canada, he was denied his right to appeal and his immigration

6

counsel provided ineffective assistance.[2]  Section 1326(d) provides that an alien subject to prosecution for illegal reentry may not challenge the validity of the original deportation order unless (1) he has exhausted his administrative remedies, (2) the alien was improperly deprived of judicial review of the deportation proceedings and (3) the deportation order was fundamentally unfair.  8 U.S.C. § 1326(d).

Even though the Magistrate Judge did not explain why the § 1326(d) motion was subject to denial, it is clear to the Court that the motion fails for at least three reasons.  First, Movant did not exhaust his administrative remedies.  In this case, Movant admits that he did not appeal the original deportation decision.  Movant claims, however, that the exhaustion requirement is nevertheless satisfied because his immigration counsel was ineffective.  Significantly, § 1326(d)(1) requires exhaustion of "*any* administrative remedies that may have been available."  8 U.S.C. § 1326(d)(1) (emphasis added).  Accepting Movant's claim that he could not file a direct appeal to the Board of Immigration Appeals ("BIA") because of his counsel's ineffectiveness, he nonetheless could have filed a motion to reopen his immigration case and appealed the denial of that motion to the BIA.  United

---

[2] Movant appears to raise his ineffective assistance claim for the first time in his objections.  [Doc. 79].

7

States v. Watkins, 880 F.3d 1221, 1226 (11th Cir. 2018); see United States v. Copeland, 376 F.3d 61, 67 (2d Cir. 2004) ("[A]n alien who failed to appeal an [immigration judge]'s deportation order satisfied the exhaustion requirement of Section 1326(d) by making a motion to reopen his case and appealing the denial of that motion to the BIA.").

Second, a challenge under § 1326(d) is an affirmative defense, United States v. Reyes-Romero, 959 F.3d 80, 99 (3d Cir. 2020), that cannot be raised for the first time in a post-conviction motion, United States v. Herrera-Pagoada, 14 F.4th 311, 318 (4th Cir. 2021). As such, Movant's § 1326(d) motion is procedurally defaulted. Even if Movant could show cause and prejudice to raise the procedural bar, Movant's voluntary guilty plea waives all non-jurisdictional defenses he may have had. United States v. Matthews, 168 F.3d 1234, 1242 (11th Cir. 1999). To the degree that Movant contends that his trial counsel was ineffective for failing to raise his § 1326(d) challenge (or for advising Movant to plead guilty despite the fact that a § 1326(d) challenge was available), that claim is not properly brought under § 1326(d). Rather, Movant's ineffective assistance claim can be raised only under § 2255, and, as already determined, Movant's § 2255 motion is untimely.

Third, Movant's 1985 order of removal does not appear to be improper. Indeed, the 1985 removal order was based on the immigration judge's

determination that Movant was excludable (not deportable) upon his deportation from Canada to the United States. The immigration judge determined that, under § 212(a)(9) of the Immigration and Nationality Act, Movant was excludable[3] because he had been convicted of a crime involving moral turpitude. Importantly, Movant has not shown that he was not subject to exclusion based on his violation of a foreign law. In any event, he has raised this claim in a 28 U.S.C. § 2241 habeas corpus petition before the United States District Court for the Northern District of California, and that court deemed the claim "meritless." Hinkson v. Warden of FCI Lompoc, 2:21-cv-7195, 2022 WL 1016897, at *3 (C.D. Cal. Apr. 5, 2022). For the foregoing reasons, the Court concludes that Movant's § 1326(d) motion was properly denied. To the extent that Movant's objections pertain to the Magistrate Judge's recommendation to deny the § 1326(d) motion, the objections are **OVERRULED**.

## CONCLUSION

Having carefully reviewed the record in light of Movant's objections, the Court concludes that Movant has not demonstrated that this Court's February 3,

---

[3] Aliens who were previously referred to as "excludable" are now referred to as "inadmissible" for entry into the United States. De la Rosa v. U.S. Att'y Gen., 579 F.3d 1327, 1328 n.3 (11th Cir. 2009). The Immigration and Nationality Act provides that an alien who is convicted of "a crime involving moral turpitude . . . is inadmissible." 8 U.S.C. § 1182(a)(2)(A)(i)(I).

2023 order denying his motions should be vacated. Accordingly, Movant's objections, [Doc. 78] [Doc. 79], are **OVERRULED**.

The Court again finds that, because Petitioner has failed to make "a substantial showing of the denial of a constitutional right," a Certificate of Appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2). Moreover, the Court certifies that Plaintiff's appeal is not taken in good faith, and leave to proceed in forma pauperis on appeal [Doc. 80] is **DENIED** pursuant to 28 U.S.C. § 1915(a)(3).

**SO ORDERED** this 23rd day of March, 2023.

_____
J. P. BOULEE
United States District Judge