IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| OWEN GARTH HINKSON, | : | MOTION TO VACATE |
| BOP # 17785-038, | : | 28 U.S.C. § 2255 |
| Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:17-CR-72-JPB-JEM-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:24-CV-3595-JPB-JEM |

**FINAL REPORT AND RECOMMENDATION**

Movant, Owen Garth Hinkson, submitted a *pro se* construed motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. (Doc. 96.) The matter is before the Court for a preliminary review of the construed § 2255 motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings. For the reasons stated below, the undersigned **RECOMMENDS** that the construed § 2255 motion be **DISMISSED** as impermissibly successive.

**I.     DISCUSSION**

The undersigned first sets forth the procedural history relevant to the present construed § 2255 motion. On June 22, 2017, Movant pleaded guilty to illegally reentering the United States, in violation of 18 U.S.C. § 1326(a) and (b)(2). (Docs. 1, 22.) On September 8, 2017, the District Court, *Duffey, J.*, concluded that Movant was subject to a 20-year maximum sentence under § 1326(b)(2), rather than a 10-year maximum sentence under § 1326(b)(1),

because he had committed at least one aggravated felony. (Doc. 29.) The Court determined that Movant had committed the following two aggravated felonies: (1) a 1987 Massachusetts state conviction for assault and battery on a police officer; and (2) a 1999 federal conviction for illegal reentry. (*Id.* at 5-10.) On September 13, 2017, the Court filed the judgment and commitment, sentencing Movant to 72 months of imprisonment, followed by three years of supervised release. (Doc. 33.) The Court stated that it "would have imposed the same sentence even if the maximum authorized period of incarceration was ten rather than twenty years." (Doc. 32 at 2.)

On August 7, 2018, the Eleventh Circuit affirmed. *See United States v. Hinkson*, 744 F. App'x 656 (11th Cir. 2018) (per curiam). (Doc. 45.) The Eleventh Circuit determined that (1) Movant's sentence was substantively reasonable, and (2) "any error as to the applicable statutory maximum did not affect [Movant's] sentence." *Id.* at 661-63.

On October 26, 2021, Movant filed his first § 2255 motion. (Doc. 52.) On February 3, 2023, the District Court dismissed the § 2255 motion as untimely. (Doc. 70.) On November 13, 2023, the Eleventh Circuit denied a certificate of appealability. (Doc. 91.) On December 27, 2023, the District Court reduced Movant's term of imprisonment to time served, effective February 1, 2024, pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 95.)

On August 13, 2024, Movant signed the present construed § 2255 motion. (Doc. 96 at 3.) Movant asks the District Court to "correct the judgment of conviction from [18 U.S.C. § 1326(b)(2)] to [§ 1326(b)(1)]." (*Id.* at 1.) Movant

2

argues that the Court "fail[ed] to see that [Movant's 1987 Massachusetts state conviction for assault and battery on a police officer] is not a crime of violence" under *Johnson v. United States*, 576 U.S. 591 (2015), *Sessions v. Dimaya*, 584 U.S. 148 (2018), and *Borden v. United States*, 593 U.S. 420 (2021). (*Id.*) Movant states that he "is now in the custody of the United States Department of Homeland Security[, which] is now relying on this [D]istrict [C]ourt's judgment to classif[y Movant] as [having committed] an aggravated felony." (*Id.* at 2.)

Summary dismissal of a § 2255 motion is proper "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." 28 U.S.C. foll. § 2255, Rule 4(b). Unless the Eleventh Circuit authorizes a second or successive § 2255 motion, the District Court lacks subject matter jurisdiction to consider such a motion. *See* 28 U.S.C. §§ 2244(b)(3)(A) & 2255(h); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (per curiam). A dismissal of a § 2255 motion as untimely is with prejudice, rendering further § 2255 motions second or successive. *See Carter v. United States*, 405 F. App'x 409, 410 (11th Cir. 2010) (per curiam).

Because Movant's first § 2255 motion was dismissed as untimely, he must obtain authorization from the Eleventh Circuit for the District Court to consider a second or successive § 2255 motion. Movant has failed to obtain the necessary authorization. Therefore, the District Court lacks subject matter jurisdiction to consider the present construed § 2255 motion. *See United States v. Florence*, 411 F. App'x 230, 231 (11th Cir. 2011) (stating that absent authorization to file second or successive § 2255 motion, district court lacks subject matter jurisdiction).

The § 3582(c)(2) reduction of Movant's sentence on December 27, 2023, does not affect that outcome. Section 3582(b) provides the following: "Notwithstanding the fact that a sentence [of] imprisonment can subsequently be (1) modified pursuant to the provisions of subsection (c) . . . a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes." 18 U.S.C. § 3582(b); *see also United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000) (explaining that "a sentencing adjustment undertaken pursuant to Section 3582(c)(2) does not constitute a de novo resentencing"). Therefore, "a sentence reduction under § 3582(c) does not constitute a new, intervening judgment for purposes of [the] bar on a second or successive [§ 2255 motion] . . . ." *Armstrong v. United States*, 986 F.3d 1345, 1347 (11th Cir. 2021); *see also Dyab v. United States*, 855 F.3d 919, 923 (8th Cir. 2017) (holding that § 3582(c)(2) reduction "does not allow a prisoner to avoid the bar on successive § 2255 motions"); *United States v. Jones*, 796 F.3d 483, 486 (5th Cir. 2015) (holding that § 3582(c)(2) reduction "does not wipe clean the slate of habeas applications that [a § 2255 movant] has previously filed"); *White v. United States*, 745 F.3d 834, 837 (7th Cir. 2014) (holding that § 3582(c)(2) reduction "does not reset the [collateral motion] count, for purposes of § 2244 and § 2255"); *Sherrod v. United States*, 858 F.3d 1240, 1242 (9th Cir. 2017) (per curiam) (agreeing with *Jones* and *White*).

Movant also argues that he is entitled to relief under Federal Rule of Civil Procedure 60(b)(6). (Doc. 96 at 1.) Relief from a final judgment may be granted if "any . . . reason . . . justifies relief." Fed. R. Civ. P. 60(b)(6). A movant "must

demonstrate a justification for relief so compelling that the district court [is] *required* to grant [his Rule 60(b)(6)] motion." *Rice v. Ford Motor Co.*, 88 F.3d 914, 919 (11th Cir. 1996). "Relief from judgment under Rule 60(b)(6) is an extraordinary remedy. . . . Consequently, relief under Rule 60(b)(6) requires showing extraordinary circumstances justifying the reopening of a final judgment. . . . Even then, whether to grant the requested relief is . . . a matter for the district court's sound discretion." *Arthur v. Thomas*, 739 F.3d 611, 628 (11th Cir. 2014) (citations and internal quotation marks omitted).

In the present case, Movant argues that his 1987 Massachusetts state conviction for assault and battery on a police officer is not a crime of violence under United States Supreme Court decisions issued in 2015, 2018, and 2021. Movant is in the custody of the Department of Homeland Security, which has determined that he committed an aggravated felony. However, the immigration consequences of Movant's conviction for illegally reentering the United States should have been apparent to him since at least June 22, 2017, when he pleaded guilty. The District Court, *Duffey, J.*, concluded that Movant was subject to a 20-year maximum sentence under 18 U.S.C. § 1326(b)(2), rather than a 10-year maximum sentence under § 1326(b)(1), and the Eleventh Circuit affirmed. Movant then filed his first, untimely § 2255 motion on October 26, 2021. That date was more than four months after the release of *Borden v. United States*, 593 U.S. 420 (June 10, 2021), which is the latest Supreme Court decision on which Movant now relies. Movant fails to show that he is facing extraordinary circumstances that justify reopening the final criminal judgment of September

5

13, 2017. Therefore, Movant is not entitled to relief under Rule 60(b)(6). Instead, Movant may seek authorization from the Eleventh Circuit for the District Court to consider a second or successive § 2255 motion.

## II.   CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that (1) the construed § 2255 motion (Doc. 96) be **DISMISSED** as impermissibly successive, and (2) civil action number 1:24-CV-3595-JPB-JEM be **CLOSED**.[1]

The Clerk is **DIRECTED** to terminate the referral of the construed § 2255 motion to the undersigned.

**SO RECOMMENDED**, this 3rd day of September, 2024.

_____
J. ELIZABETH McBATH
UNITED STATES MAGISTRATE JUDGE

---

[1] The undersigned offers no recommendation regarding a certificate of appealability because 28 U.S.C. § 2253(c) does not apply to this case. *See Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (per curiam) (explaining that (1) dismissal of habeas petition for lack of subject matter jurisdiction is not "a final order in a habeas corpus proceeding" within the meaning of § 2253(c), and (2) Eleventh Circuit has jurisdiction to review dismissal under 28 U.S.C. § 1291); 28 U.S.C. foll. § 2255, Rule 11(a) (indicating that § 2253(c) generally applies to § 2255 motions).